AO 241
(Rev. 10/07)                                                                 Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Of LOUISIANA |
|---|---|

| Name (under which you were convicted): Ruchell Cinque Magee | Docket or Case No.: |
|---|---|

| Place of Confinement: CSATF-Corcoran, Cal. | Prisoner No.: A92051 |
|---|---|

| Petitioner (include the name under which you were convicted) Ruchell Magee | Respondent (authorized person having custody of petitioner) v. S. Smith, Warden |
|---|---|

| The Attorney General of the State of Louisiana |
|---|

### PETITION

# 11-1603
# SECT. J MAG. 6

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
      22nd Judicial District of Washington Parish
            State Of Louisiana  At Franklinton, LA.

      (b) Criminal docket or case number (if you know): 10-755

2.    (a) Date of the judgment of conviction (if you know): February 8, 1956

      (b) Date of sentencing: February 8, 1956

3.    Length of sentence: 12 years. ( Exhibit-1, attached hereto.)

4.    In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☒ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
      TENDERED FOR FILING attempted aggravated rape

      JUL 05 2011

      U.S. DISTRICT COURT
      Eastern District of Louisiana
                Deputy Clerk
6.    (a) What was your plea? (Check one)

                    ☒ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

                    ☐ (2)    Guilty            ☐ (4)    Insanity plea

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

☐ Yes    ☒ No

9.   If you did appeal, answer the following:

(a) Name of court:    N/A

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:    N/A

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☐ No

If yes, answer the following:                    N/A

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?        ☒ Yes      ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:  22nd Judicial District Court, Washington Parish
       (2) Docket or case number (if you know):       (Louisiana)    #10-755
       (3) Date of filing (if you know):  December 2009
       (4) Nature of the proceeding:  ADDENUM To ___ Writ Of Habeas Corpus
       (5) Grounds raised:   1) Actual Innocence; 2) Denial of Counsel;
           3) Deprivation of right to testify, and have witnesses
           to Testify in my behalf; 4) Exclusion of Black
           Grand Jury and Petit Jurers; 5) Minor Prosecuted
           in Adult Court acting without jurisdiction;
           6) Insufficient Evidence to Support the Conviction;
           7) Prosecution and judge misconduct;

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☒ No

       (7) Result:   Denied claiming innocent irrelevant based limitation
                                      filing
       (8) Date of result (if you know):   January 15, 2010

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   **Supreme Court of the State Of Louisiana**

    (2) Docket or case number (if you know):   **2010-KH-0297**

    (3) Date of filing (if you know):   **February 4, 2011**

    (4) Nature of the proceeding:   **Habeas Corpus**

    (5) Grounds raised:   **Same GROUNDS in paragraph 11, above mentioned.**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes   ☒  No

    (7) Result:   **Denied**

    (8) Date of result (if you know):   **Feb 4, 2011**   **(Exhibit-2, attached hereto.)**

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   **U.S. District Court, Eastern Dist. Louisiana**

    (2) Docket or case number (if you know):   **N/A**

    (3) Date of filing (if you know):   **4/26/2011 returned without filing**

    (4) Nature of the proceeding:   **Application for Coran Nobis**

    (5) Grounds raised:   **Same above mentioned paragraph 11**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: **Returned unfiled 4/26/2011**

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:     ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:     ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**N/A**

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:    NEWLY DISCOVERED EVIDENCE OF ACTUAL INNOCENCE WAS
IGNORED BY THE SUPREME COURT OF THE STATE OF LOUISIANA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Louisiana Supreme Court denied Habeas Relief February 4, 2011,
Upon ignoring Facts:

1)    Peititioner is ACtual Innocent, and

2)    Innocence is supported by  numerous Constitutional
Right Violations, showing irrefuttable:

a) False arrested August 5, 1955, or about, which
led to an arbitrary One Man lineup in the alleged
vctim's (Dorothy Crokern) home, in yard, about 7:15 A.M?
b)  No proable cause was shown for the arrest.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Issue was exhausted in state Court

AO 241
(Rev. 10/07)

Page 7

(c)    Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Locked in prison at age 15, with no knowledge of
the law.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Habeas Corpus above mentioned

Name and location of the court where the motion or petition was filed:
Named in Paragraphs 11, above mentioned

Docket or case number (if you know):

Date of the court's decision:    Above mentioned

Result (attach a copy of the court's opinion or order, if available):

Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Paragraph 11, above
mentioned

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Paragraph 11 above mentioned

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241
(Rev. 10/07)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

N/A

GROUND TWO: Newly Discovered evidence ignored by the state consist of
[Petitioner] Prosecuted a Minor In Adult Court, acting without Jurisdiction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner's birth Certific will show he was age 15, upon arrested and
Prosecuted in Washington Parish for a crime of Attempted Aggravated Rape,
which the victim (Dorothy Crockern) stated during lineup in her front yard
that it was not the petitioner - because he was too small.
However, at approximately 1:0clock P.M., 5 hours later, Mrs. Crockern
picked the petitioner    out standing on the streets where a crowd of
people was standing in front of Movie Theater, in Franklinton.
Upon contradicting the story gave to the police, Mrs. Crockern and
the Police Passman and Thomas claimed the petitioner never got out of the
Police car upon taking to Crockern's home. Because he did not have on a shirt.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

State remedy was exhausted on this above issue.

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No
N/A
(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Habeas Petition above mentioned Paragraph 11

Name and location of the court where the motion or petition was filed:

Paragraph 11

Docket or case number (if you know):

Date of the court's decision:    Paragraph 11, supra.

Result (attach a copy of the court's opinion or order, if available):

**Exhibit-2, attached hereto**

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:  **Paragraph 11, Supra**

Name and location of the court where the appeal was filed:

**Paragraph 11, Supra**

Docket or case number (if you know):  **Paragraph 11, Supra**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**Exhibit-2, Supra**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**N/A**

**GROUND THREE:  Newly Discovered Evidence ignored by state consist of Petitioner denied Rights To Testify, and have witnesses to Testify in his behalf.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial, the petitioner was not allowed to testify, and to produce witnesses to testify in his behalf, as to his Innocence- because the was Black, and his accuser was white in a Town dominated by white-racists. To be sure, the Judge, District Atty. and Court appointed lawyers always referred to the petitioner as nigger.  Not once in court, was petitioner referred to as defendant.   In fact, the First two Black Deputy Sheriff in the 1970's, appointed in Washington Parish, was gundown by whites racists who never got convicted.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

State remedy exhausted

(c)    Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Locked in prison at age 15, with no knowledge
of the law.

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Paragraph 11, above mentioned

Name and location of the court where the motion or petition was filed:

Paragraph 11, Supra.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Paragraph 11, Supra

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?        ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Paragraph 11, Supra.

Docket or case number (if you know):    Paragraph 11, Supra

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Exhibit- 2, Supra

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    N/A

GROUND FOUR:    NEWLY DISCOVERED EVIDENCE IGNORED BY THE STATE
CONSIST OF EXCLUSION OF ALL BLACKS FROM GRAD JURY AND PETIT JURY
BASED ON RACIAL    DISCRIMINATION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was indicted, and tried by all Jurors more
Three (3) personal friends of the Petitioner's Accuser:
A.W. Fussell- Ellis Barber- Herbert Knight- Walter Watson
(Petit Jurors), all members of the klu klux klans based on
information and belief.
All jurors announce verdicts of guilty, stating we--"We
find the nigger guilty---."   The State Court do not deny that
the trial was mob dominated.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

State remedy exhausted

---

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?.    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Habeas Petition above mentioned Paragraph 11

ADDITIONAL CLAIMS SUPPORTING ACTUAL
INNOCENCE

GROUND Five:

Newly Discovered Evidence Ignored By The State
Consist Of PROSECUTION ATTORNEY MISCONDUCT
by suppressing, and failing to disclose
Evidence Of Innocence.

During trial, the District Attorney and trial
judge failed to allow the petitioner to testify
in his own behalf.    FURTHER, excluded the
Petitioner's eye witnesses (Fred Crain- Jr. Jinkins.
and Elmer Magee), because those witnesses would have
impeached the prosecution's witnesses Ollie Passman-
Percy Thomas and Dorothy Crockern's testimony that
Petitioner did not have on a shirt upon taking to
Crockern Homes for lineup.

The judge and District Attorney knew that the
witness Dorothy Crockern had told the Police that
Petitioner was not the man who attempted to rape
her, upon the petitioner Exhibited before Crockern in
a One man lineup, in her yard.

To cover the conflicting testimony, the
deputy sheriff officers Passman and THomas testified
that upon them taking the petitioner to the Crocker
home, the petitioner did not get out of the car -
because he did not have on a shirt.

Witness Jinkins would have testified that it
was him who did not get out of the Police car -

page 11/a

1  because: he had bee once already put in the One man lineup himself

2  at the Crockern's home, in the front yard, and declared that he was

3  not the person who Mrs. Crockern claimed tried to rape her. Further,

4  it was him who did not get out of the police car upon taking back

5  to the Corckern's home a second time with the petitioner.

6      Mr. Jinkins would have told that it Sheriff officers

7  Thomas and Otto Sharp who carried him and the petitioner to the

8  Crockern's house for lineup. Not deputy Passman.   Passman was

9  not at the lineup location, but lied in court about the Magee boy

10  (nigger) did not get out of the Police car...

11      The witnesses Fred Crain, and the petitioner's mother Elmer

12  Magee appeared in Court to testify regarding what time petitioner

13  was at home before arrested.   Both witnesses was told to wait

14  in a room, until called to testify.  Mr. Crain and Petitioner's

15  mother was not allowed to testify, because both knew that the

16  petitioner had on a shirt upon taking to the Crockern Home. Both

17  knew that It was Officers Thomas and Sharp who arrested the

18  petitioner, taking him from his house...      Their testimony

19  would have expose Passman as a false witness used by the District

20  attorney to railroad the petitioner based on color of skin.

21      Please take judicial notice of the fact that the petitioner

22  while in the police car, and in the Crockern yard hear Mr. Crockern

23  ( Husband of Dorothy Crockern) complaining to Officer Thomas about

24  his gun missing.  Officer THomas said: "We are looking into that..."

25  To over hear that conversation, the petitioner had to be in the Yard

26  of the Crokern's.

27      The state Courts  avoided  an evidence  hearing  by

28              page 11/b

habeas Corpus, because the racism (klans acts and omissions)
of the 1950's in Washington Parish, has increased on
higher judicial level to coverup hate crimes, under
color of justice, in violation of the Klans(Act 18 U.S.C.,
Sections 241 & 242.)

This issue has been exhausted in state Court.

GROUND SIX:

Newly Discovered Evidence Ignored By The State
Consist Of DENIAL OF EFFECTIVE ASSISTANCE OF
COUNSEL DURING TRIAL.

Court appointed Counsel (Richardson) assistance
was so ineffective, as to no assistance at all.

Petitioner had no counsel to object to:

1) False testimony used by the Prosecution
attoney;  2) Exclusion of Petitioner's
witnesses from the witness-stand;

3) Prosecution Suppressing evidence of
Innocence;

4) Exclusion of the Petitioner's Testifying
in his own behalf;

5) Prosecuting the petitioner at age 15
in adult court, in violation of
both state and federal laws governing
fair trial.

Ineffective assistance of counsel also consist
of the petitioner's counsel referring to petitioner as

Page 11/c

nigger who could not have run a mile from the Crochern's
home in his home, within a minute or three.    What
the petitioner's alleged counsel put on as **defense**,
was a racist joke for the klans entertainment.

Petitioner was sentenced to 12 years in the
Louisiana State Prison (Angola) February 1956.    He
was paroled to California October 19, 1962.

By March 22, 1962, petitioner was put in
the California State Prison where confined basically
isolated, ever since ( approximately 47 years.)

The above mentioned evidence could not have
been presented at trial based on the trial being not
dominated.

### RACIST CASES CONNECTION MAKE DELAY
### CHARGEABLE TO THE STATE PROSECUTION

California Superior Court in Los Angeles County
attached its frameup of 1962 with the Louisiana hate
crime conviction.    Here, the federal court can
subpoena court records in the pending case ( In re Ruchell
Cinque Magee) (California Court Of Appeals, 2nd Appellant)
(habeas Corpus challenging Los ANgeles Police Frameup;)
Exhibit-3, attached hereto.) .

Here, in prison on hate crimes by clowns in the
Court system, the petitioner is labelled a sex predatory,
who would pose threat to the public, if released by the
California Parole Board -- "extention of the klans 22nd
judicial Court's mob action to terrorize Black people."

page 11/d

Please take judicial notice of the fact that the Louisiana State Frameup play the Central role in the California Hate crime frameups and coverup . Based on the Louisiana frameup, the petitioner was forced to accept a Parole to California. Otherwise, he was told by the Louisiana Parole officials that he would not be released from the Louisiana state prison.

TRANSFER to California, put the petitioner out of reach of his family.

Monitoring by this federal court of the pending state and federal habeas Proceedings will position the Court to clearly recognize the racist, the cowardic, and outrageous frameups connection. The Louisiana authority will not disclose any part of the mob's court trial court records. Only provided California within prison officials with Piece meal document's used to label the petitioner a sex- predator who would pose threat to the public, if released by the California Parole Board.

California Courts ( Los ANgeles Superior and Santa Clara County) failed/refused to disclose trial Court records - because the Santa Clara County records will prove life sentence of 1975 on a defective Indictment charge of kidnap within which twelve jurors acquitted the petitioner during deliberations which commenced March 26, 1973, in San Francisco County Superior Court ( Case Number 83668, People vs Magee ).

Los ANgeles County trial Court records will show a Pattern of false guilty pleas entered by racists and their lapdog who tricked jurors to convict petitioner on the false guilty pleas May 1963 and July 1965.

Monitoring pending habeas Petitions, the federal Court will find the racists cannot deny the facts without perjuring themselves on open records.

page 11/e

Unfortnately, there are not enough space to detail the mass criminal acts committed by the racists (some named in pending law suit) putting on false fronts to confuse the minds of the public where millions trying to escape insanity like vulture flying circles from hell, in the name of justice.   Practicing slavery, include concealing evidence of Innocence, already proven, in the case of jury acquittal showing by habeas Corpus # 11-cv-2810-JSW, Supra.

Moritoring of these pending cases will find that racists (terrorists) who suppress evidence of innocence has labelled the petitioner a terrorist, a moran, a rapist and threat to the public.   All the time, herein mentioned, the same mob conceal jury acquittal, and used false affidavit's lying on the jurors by preteding the jury impeched themselves by declarations.     Where federal habeas Corpus with jurors certified acquittal of kidnap.

Hesing in these pending litigations is to create a path to stop hate crimes played up as justice.

Petitioner is the victim of a frameup within a frameup, and there may be hundreds or thousands of more hidden frameups by people thought to be honorable.

The public need to know how much money has been spent to hide false imprisonment of innocent people based on racism posing more threat to the public, then any arab organization oversea fighting against what the American oppressed should be fighting against: "Terrorists in the American government," as showing by pending lawsuit.

page 11/f

Name and location of the court where the motion or petition was filed:

Paragraph 11, Supra

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Paragraph 11, Supra

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Paragraph 11, Supra.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Paragraph 11, Supra.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    N/A

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒  Yes    ☐  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

                            N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

                    N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?        ☒  Yes    ☐  No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    Federal Court, Eastern District of

    Louisiana.

                Coran Nobis returned not filed, clerk

            directed filing of habeas Petition 4/26/2011

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ☐  Yes    ☒  No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.        N/A

AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:    N/A

(a) At preliminary hearing:    N/A

(b) At arraignment and plea:    N/A

(c) At trial:    Henry Richardson, a racist who referred to
petitioner, at all times herein mentioned, as a nigger.

(d) At sentencing:    Same racist

(e) On appeal:    Lawyer failed to appeal

(f) In any post-conviction proceeding:    N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Los Angeles County Superior Court

(b) Give the date the other sentence was imposed:    August 23, 1965

(c) Give the length of the other sentence:    life

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☒ Yes    ☐ No    Habeas Corpus pending

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

@A Q 241
(Rev.10/07)

1.  Petitioner is Innocennt.

2.  Under cover Klu Klux Klans Activity (mob trial) of the
    1950's has become  frameup within a frameup from the
    state of Louisiana, to the state of California.

        12 years prison sentence by 22nd Judicial
    District Court, Washington Parish, has come to life
    imprisonment in California state based on hate crimes
    with Court records of frameups concealed by klans
    who manipulates the Courts-system against poor people
    (Blacks in particular.)

2.  Federal Habeas Petition ( In re Ruchell Cinque Magee,
    No.11-cv-2910-JSW (N.D.Cal. pending) ( jury acquittal
    of kidnap concealed by under cover racists who connect
    with Louisiana racist frameup of the 1950's -turning
    the Louisiana 12 years sentence, to life imprisonment
    based on racist practicing slavery--under color of
    justice.)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

       (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
              of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation of
              the Constitution or laws of the United States is removed, if the applicant was prevented from
              filing by such state action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
              Court, if the right has been newly recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been
              discovered through the exercise of due diligence.

        The Anti-Terrorist Act do not apply in the Petitioner's
case.  Innocence can be proven by mere show cause on the Merits,
after a half century of on-going racist frameups in need of
judicially correcting.  See Schulp, (1995) 115 S. Ct. 851.)

        Petitioner was sentenced before the restrictions was placed
on federal habeas corpus. See Fay v. Noia (1963) 372 U.S. 391
at 406 - 415.

AO 241
(Rev. 10/07)

Page 16

(2)  The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: 1)Order expungment of all
Records in case Number 10-755, Supra, 2) Vacate the
Judgment of the 22nd Judicial District Court of Washington
Parish, State Of Louisiana, and 3) Monitor Pending and
seperate habeas corpus: (In re Ruchell Cinque Magee, Cal.
Ct. Appeals, 2nd App., Supra) and In Re: Ruchell Cinque Magee,#11-cv-2810,
(N.D. Cal,Supra.)
Or any other relief to which petitioner may be entitled.

Signature Of Attorney (If any )

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _June 30, 2011_ (month, date, year).

Executed (signed) on _June 30, 2011_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

U.S. DISTRICT COURT __EASTERN DISTRICT LOUISIANA

In Re:

RUCHELL CINQUE MAGEE )   NO. ------------------------
         )
         )
 On-writ of Habeas )   ------  OF  SERVICE
 Corpus      )
------------------------------

  I declare that I am over the age of 18 and I am a party to
the within action,  I deposited a copy of this attached
Writ Of Habeas Corpus ------------------------------------ in the
United States Mail at  Corcoran, California:

Attorney General      22nd Judicial Dist. Court
State of Louisana      Washington Parish
Department Of Justice     Courthouse BLDG.
New Orleans, LA 70130    Franklinton,  LA 70438

Human Rights Project
 New York, NY

I certify under penalty of perjury the foregoing is true and
correct.

Dated: **June 30, 2011**

               RUCHELL CINQUE MAGEE

[ DUPLICATE OF ORIGINAL ]

AO 240 (EDLA Rev. 8/02)

# UNITED STATES DISTRICT COURT
## Eastern District of LOUISIANA

Ruchell Cinque Magee
     Plaintiff    **Petitioner,**

V.

S. Smith, Warden, et al.

**Respondents**
    Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:

I,   **Ruchell Cinque Magee**   , declare that I am the (check appropriate box)

[X] petitioner/plaintiff/movant      [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    [X] Yes      [ ] No      (If "No," go to Part 2)

    If "Yes," state the place of your incarceration     **CSATF-Corcoran**

    Are you employed at the institution?   **NO**   Do you receive any payment from the institution?   **NO**

    Have the institution certify the Statement of Account portion of this affidavit or attach a certified ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    [ ] Yes      [X] No

    a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.   **N/A**

    b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
    **1963-**   **N/A**

3. In the past 12 twelve months have you received any money from any of the following sources?

    a. Business, profession or other self-employment    [ ] Yes    [X] No
    b. Rent payments, interest or dividends    [ ] Yes    [X] No
    c. Pensions, annuities or life insurance payments    [ ] Yes    [X] No
    d. Disability or workers compensation payments    [ ] Yes    [X] No
    e. Gifts or inheritances    TENDERED FOR FILING [ ] Yes    [X] No
    f. Any other sources    [ ] Yes    [X] No

If the answer to any of the above is "Yes", describe each source of money and state the amount received and what you expect you will continue to receive.

JUL 0 5 2011

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO 240 Reverse (Rev. 10/03)

4.  Do you have any cash or checking or savings accounts?          ☐ Yes          ☒ No

    If "Yes," state the total amount. _____

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other
    thing of value?          ☐ Yes          ☒ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate
    how much you contribute to their support.  (If children are dependents, please refer to them by their initials)

                    **N/A**

declare under penalty of perjury that the above information is true and correct.

**JUne 30,  2011**                                        _Ruchell Cangue Magee_
_____                        _____
        Date                                              Signature of Applicant

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition,
 prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during
 last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach
 a certified statement of each account.

ORDER OF THE COURT

| The application is hereby denied. | The application is hereby granted.  Let the applicant proceed without prepayment of costs  or fees or the necessity of giving security thereof. |
|---|---|
| <br><br>_____  _____ <br> United States Judge        Date | <br><br>_____  _____ <br> United States Judge        Date |

CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____CSATF Corcoran_____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

6/27/2011
_____
Date

_____
*Authorized Officer of Institution/Title of Officer*



Russell CinQue Mayer
C-8-127 #127
Box 5246 CSATF
Corcoran, CA 93212

Office of Clerk
U.S. District Court
Eastern District
500 Poydras Street, Room C-151
New Orleans, La 70130

Legal Materials Only