EXHIBIT

STATE OF LOUISIANA                    22ND JUDICIAL DISTRICT COURT

VERSUS NO. 10,755                     PARISH OF WASHINGTON

RUCHELL MAGEE                         STATE OF LOUISIANA


EXTRACT OF MINUTES

PRESENT: HIS HONOR, ROB'T. D. JONES,
DISTRICT JUDGE, PRESIDING

October 7, 1955

Minute Book 17, Page 388

The defendant, Ruchell Magee, being present in open Court for
arraignment unrepresented by counsel. Whereupon, the Court appointed
Henry N. Richardson to represent the defendant for the purpose of
arraignment.

On motion of James T. Burns, District Attorney, the Court
ordered the Indictment amended to read as follows "attempted to commit
aggravated rape upon Mrs. Dorothy Cotkern". Whereupon, the defendant
was arraigned and after hearing reading of Indictment by James T. Burns,
District Attorney, entered plea of not guilty, reserving the right to file
any motions. The Court granted the defendant until the first day of the
November term of Court in which to file any motions. On motion of James
T. Burns, District Attorney, the Court ordered this matter assigned for the
Fourth day of the November, 1955 Jury Term of Court and ordered that
certified copy of Indictment and Venire be served on the defendant.

November 7, 1955

Minute Book 17, Page407

The Court at this time appoints Henry Richardson to represent the
defendant herein, for the purpose of trial.

November 10, 1955

Minute Book 17, Page 410

On motion of Henry N. Richardson, attorney appointed by the Court
to represent defendant, the Court ordered motion for continuance filed
herein and assigned said motion for hearing today.

[ EXHIBIT-1 ]

November 10, 1955

Minute Book 17, Page 410

This cause came on to be heard on motion for continuance. Present, James T. Burns, District Attorney and Henry N. Richardson, attorney for defendant. After hearing the argument of counsel, the matter was submitted to the Court and the Court granted the continuance.

The defendant being present in open Court, on motion of James T. Burns, District Attorney, the Court ordered that the assignment of this matter, pursuant to the Court granting a continuance, be reassigned for the FIRST day of the February, 1956, Jury Term of Court and that a certified copy of the Indictment and Jury Venire be served on the defendant.

February 6, 1956

Minute Book 17, Page 460

This cause came on for trial pursuant to previous assignment. Present, James T. Burns, District Attorney and W. W. Erwin, Assistant District Attorney and Henry N. Richardson, appointed by the Court to represent the defendant, Ruchell Magee.

Impaneling of the Jury was begun, and the following named Jurors were impaneled and sworn, to-wit:

|  |  | Ward |
|---|---|---|
| 1. | Johnnie Hunt | 5 |
| 2. | A. W. Fussell | 6 |
| 3. | Walter Watson | 6 |
| 4. | Ralph Alford | 2 |
| 5. | Ellis Barber | 3 |
| 6. | James W. Alford | 7 |
| 7. | Murphy Galloway | 4 |
| 8. | Mike Ball | 7 |
| 9. | Chester Bateman | 2 |
| 10. | W. R. Brignac | 7 |

The present Petit Jury Venire having been exhaused, the Court at this time orders the Clerk of Court to bring the Tales Jury Box into open Court in order that ten names may be drawn there from as prospective jurors to serve in this case. The following names were drawn from the Tales Jury Box, to-wit:

|  |  | Ward |
|---|---|---|
| 1. | Seldon Lang | 5 |
| 2. | Lester Alford | 2 |
| 3. | John Busby | 6 |
| 4. | Percy Manning | 6 |
| 5. | John Brumfield | 8 |
| 6. | Odell Alford | 4 |
| 7. | E. H. Burch | 2 |
| 8. | Clyde Brock | 2 |
| 9. | Herbert Knight | 6 |
| 10. | Mason Magee | 5 |

Whereupon, Court recesssed until 1:00 o'clock to wait for the prospective jurors.

Whereupon, Court convened and a list of the ten prospective jurors was called, all being present except John Brumfield, Odell Alford, E. H. Burch and Clyde Brock. Mason Magee was excused by the Court. The Court ordered the five absent names removed from the box, leaving five names in the box, and impaneling of the Jury was resumed and the following named jurors were impaneled and sworn, to-wit:

| 11. | Herbert Knight | 6 |
| 12. | John Busby | 6 |

This having completed the impaneling of the Jury, the Court ordered the Jury polled, all members being present.

On motion of James T. Burns, District Attorney, the Court ordered the witnesses herein severed.

At this time, James T. Burns, District Attorney, read to the Jury the Indictment herein and read Revised Statutes 14, Sec. 27 and 42 on which the charge is based, and made opening statement to the Jury.

The Clerk read to the Jury the plea entered herein by the defendant on October 7, 1955.

Whereupon testimony for the State was begun and the following witnesses were called and sworn, to-wit: Mrs. Dorothy Corkern, Kenneth Burris, Mrs. Varsie Burris, John Welch, A. O. Passman, Mrs. David Shaffett, Percy Thomas. Mrs. Dorothy Corkern was recalled and thereupon the State rested its case.

Whereupon, the defendant rested his case.

Whereupon, the Court granted each side twenty minutes in which to argue the case. Mr. W. W. Erwin, Assistant District Attorney, made opening statement to the Jury, followed by argument of Henry N. Richardson, attorney for defendant. Mr. James T. Burns, District Attorney, made closing argument to the Jury.

Whereupon, the Court gave its charge to the Jury and instructed the Jury the verdicts that might be returned herein and handed said written verdicts to the Jury and ordered the Jury retired to its room for deliberation.

Thereafter, the Jury returned back into open court and on being polled, all members being present, tendered the following verdict:

"We the jurors find defendant as charged guilty as charged

<u>Murphy W. Galloway</u>
Foreman"

On motion of Henry W. Richardson, attorney for defendant, the Court ordered the Jury polled, and they answered as follows:

| | | |
|---|---|---|
| 1. | JohnnieHunt | Yes |
| 2. | A. W. Fussell | Yes |
| 3. | Walter Watson | Yes |
| 4. | Ralph Alford | Yes |
| 5. | Ellis Barber | Yes |
| 6. | James W. Alford | Yes |
| 7. | Murphy Galloway | Yes |
| 8. | Mike Ball | Yes |
| 9. | Chester Bateman | Yes |
| 10. | W. R. Brignac | Yes |
| 11. | Herbert Knight | Yes |
| 12. | John Busby | Yes |

Whereupon, the Court ordered the defendant remanded to jail for sentence on Wednesday of this week.

February 8, 1956

Minute Book 17, Page 464

The defendant, Ruchell Magee, being present in open Court with counsel appointed by the Court to represent him, Henry N. Richardson, for sentence. Whereupon, the Court imposed the following sentence upon him:

The defendant, Ruchell Magee, having admitted in open Court that he is sixteen years old and having heretofore been tried by a Jury and found guilty of having committed attempted aggravated rapeupon Mrs. Dorothy Corkern, the Court at this time sentences him to imprisonment in the State Penitentiary at hard labor for a period of twelve years.

# The Supreme Court of the State of Louisiana

STATE EX REL. RUCHELL MAGEE

NO.   2010-KH-0297

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Magee, Ruchell; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of Washington,  22nd Judicial District Court
Div. A, No. 10,755;

– – – – – –

**February 4, 2011**

Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State,
93-2330 (La. 9/5/95), 660 So.2d 1189.

                    MRC

                    BJJ

                    JPV

                    JTK

                    JLW

                    GGG

Supreme Court of Louisiana
February 4,2011

*Rachel Edelman*
_____
Deputy   Clerk of Court
         For the Court

[ EXHIBIT-2 ]

MC-275

Name: Ruchell Cinque Magee

Address: Box 5246 CSATF

Corcoran, CA 93212

CDC or ID Number: A92051

## CALIFORNIA COURT OF APPEALS
## 2nd Appellate

In re

(Court)

| | |
|---|---|
| RUCHELL CINQUE MAGEE | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. |
| C. Smith, Warden, | (To be supplied by the Clerk of the Court) |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

**Exhibit-3**

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2010]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

MC-275

This petition concerns:

- [X] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] Other (specify): __Superior Court Breach of Duty (Rule 455. (a) Ca. Rules Ct.)__

1. Your name: __Ruchell Cinque Magee__

2. Where are you incarcerated? __CSATF- Corcoran, California__

3. Why are you in custody? [X] Criminal conviction    [ ] Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   __Kidnap to Rob for $10__

b. Penal or other code sections: __P.C. 209 and 211__

c. Name and location of sentencing or committing court: __Superior Court Of Los ANgeles County__
   __California__

d. Case number: __#272227__

e. Date convicted or committed: __JUly 28, 1965__

f. Date sentenced: __August 23, 1965__

g. Length of sentence: __Life__

h. When do you expect to be released? __Upon Reverals of Sentence__

i. Were you represented by counsel in the trial court? [ ] Yes  [X] No   *If yes, state the attorney's name and address:*
   __Prosecution for lawyer__

4. What was the LAST plea you entered? *(Check one):*     __Prosecution Pleaded Insane__

   [ ] Not guilty  [ ] Guilty  [ ] Nolo contendere  [ ] Other: __Once Jeopardy Plea by me__

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. GROUNDS FOR RELIEF                                                          MC-275
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

SUPERIOR COURT ABUSED ITS DISCRETION IGNORING FALSE

TRANSCRIPTS SHOWING DIFFERENT PROCEEDING, WHILE IT FAILED/CREFUSED

TO COMPARE THE CORRECT TRIAL COURT RECORDS REQUESTED IN CASE OF

EVIDENCE OF ACTUAL INNOCENCE OFFERED

a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Order of the Superior Court Of Los Angeles County denying

habeas corpus was out of touch, and extremely sensative to the

People's and the petitioner's First Amendment Freedom of Speech

Right to be heard against false imprisonment in the case  of

conviction rest on deliberately and intentionally use of false

evidence and Officers of the Court false misrepresentation, which

the prosecution officials do not deny.

     On December 7, 2010, petitioner filed writ of habeas

corpus with the Superior Court of Los Angeles County.

     On March 10, 2011, three months after filing, the

Superior Court mailed to the petitioner its Order denying

habeas Corpus with a written back date of December 23, 2010.

[ Exhibit-1, attached hereto].( Continue ground One - - - )

b. Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Rinald vs- Yeager (1966) 334 U.S. 305, 310;

Freeman on judgments, vol. I., [ 7 Cal. 2d 113 ] page 432, § 220;

Drinkhouse vs- Van Ness, 202 Cal. 359, 260 P. 869.

[ Continue Ground One ]:

On March 22, 2011, the petitioner filed Motion For Reconsideration showing the Superior Court abused its discretion by denying habeas corpus, without reviewing the whole trial Court record's which record's would support petitioner's claim of Actual Innocence, denial of Counsel, conviction on false evidence, and illegally restraints, and Double Jeopardy Prosecution in the case of Insufficent evidence to support the charge of kidnap to rob.

Because the order denying habeas corpus make mockery of the law.   The Superior Court made a Piece Meal review of documents in need of investigating for plain error.   Here, the Court denied Reconsidering its order denying habeas corpus upon refusing to investigate two different transcripts which supposed to the 1965 trial court reporter's transcript. Both showing complete different proceeding.

Exhibit-2, denial of reconsideration, attached hereto.

Petitioner contends that Exhibits 3 & 4, consist of Proof of different 1965 transcripts used at different times, by different Courts:

Transcript marked Exhibit-3, was used as trial record's by the U.S. 9th Circuit Court of appeals, over the petitioner's objection in 1972.

Exhibit-4, said to be 1965 records was presented to the Superior Court of Marin County in 1972.

The Superior  Court denied  the petioner's

3/a

1   Motion for Reconsideration, attacking the petitioner

2   with none - sense words on words to confuse her

3   review regarding false transcripts, stating:

4   " The petitioner points to some minor discrepancies
    between two copies of a reporter's transcript of
5   the same proceeding at the begining of hiss second
    trial in 1965 as evidence that the transcript of
6   a May 27, 1963 proceeding in his first trial was
    forged.  Such insignificant discrepancies in two
7   versions of a transcript from 1965 have no being on
    the validity of a transcript made two years earlier.
8   Whether  on July 26, 1965 at 10:30 a.m. the
    petitioner's attorney stated:
9

10  " Defendant is ready, with the exception of the
    misunderstanding on the prior proceeding, or
11
    " Defendant is ready, your Honor.  With limitation
12  of the prior proceedings in mind, we are ready to
    proceed"  is entirely irrelevant to the petitioner's
13  guilt. While it may indicate that the Court reporter
    read her notes differently in 1972 when she prepared
14  the second transcritp than she had years earlier
15  when she first  prepared the transcript, it offers
    no evidence of fraud or forgery in any trancript -
16  whether from 1965 or 1963."
17

18  ( Exhibit-9, attached hereto.)

19
    The Court's decision make clear the documents referred
20  as July 1965 trial proceedings are so indifference, even an
21  intelligent Professional agent mistaken one as the May 1963
22  trial transcript.   Previous judges made wrong decisions by
23  use of inaccurate and Piece Meal documents, without review
24  of the correct and full trial Court record's.  Without the
25  trial Court record's review, judges got sidetracked by
26  doctored transcripts by those scapegoating based on bigotry
27  with intents to criminalized the victim's of frameup's.

28
                        3/b

Obviously, the Court's fabrication, and failure to
address the issues of Insufficient evidnece to support
the charge, and false guilty pleas made by officer's of
the Court to trick the jurors to convict an Innocent
man on falsehood committed in the courtroom is a
superior court group's pledge to keep suppressed the
trial court transcript's, which no judge has ordered
disclosed for review.

Documents each judge was limited for review
was like a gaping hole left in judicial decisions
leaving out the actual proceedings which transpired.
to convict.   For instant, this Court will note page
3, lines 21 through page 4 lines 1 - 27 (Motion for
Reconsideration)  ( Exhibit-5, attached hereto.)

The correct trial court record's reviewed will
prove INNOCENCE based on the large numbers of
Constitutional Right violations arranging from prosecution
attorney misconduct by using false guilty/insanity pleas
to convict, to suppressing trial court records to hide
officers of the Court's deceptive Practices as Chaining
and Muzzling the petitioner in presence of the jury for
objecting to the false pleas.

Here, the Superior Court had knowledge of such
misrepresentations as proven by the Court's falsity
of pretending two transcripts with different proceedings
said to be proceedings of the 1965 transcript are merely
minor discrepancies of the same proceeding.   The Superior

Court intentionally avoided the truth of hate crime frameup
showing by writ of Habeas Corpus calling for review of the
trial court records, which no previous judge has reviewed
to determine what occured in the July 1965 fraudulently
trial .

The prosecution does not deny these habeas
corpus facts of Constitutional Right Violations, namely:

a) On May 18, 1965, a court appointed lawyer
Clay H. Jacke, who the petitioner had never
met, and never talk to, entered a plea of
not guilty by reason of Insanity in the
petitioner's behalf, to the charge of Kidnap
to Rob Mr. Brow for $10.( Pretrial transcript
(RT pg 2, May 18, 1965).)

b) Petitioner objected, stating: My only plea
is a previous judgment of conviction or
acquittal. ( RT pg. 2-3 .)

c) Before the petitioner could complete his
Once Jeopardy plea pursuant to P.C. 1016 & 1017
HE WAS ORDERED REMOVED FROM THE COURT BY THE
COURT, who referred him to a psychiatry's for
evaluation.

d) Petitioner was denied Marsden-Hearing

Prior to trial, the petitioner filed written motion for
dismissal of Lawyer Clay H. Jacke based on the lawyers'
entering the false insanity plea caused conflict of
interest between counsel and client.   The insanity plea
was distortion of defense - making petitioner appear
saying he committed the crime of kidnap to rob, but
saying he was insane upon committing the crime charged.

3/d

1  The Superior Court abused its discretion by failure

2  to allow the petitioner opportunity to prove his Actual

3  Innocence. with the May 27, 1963 trial court record

4  which will prove the Prosecution's key witness Brown's

5  testimony claiming kidnapped/robbery was thrown out by

6  the Prosecution.    That, petitioner was convicted by

7  the jurors who was told by the Prosecution attorney and

8  a Public defender to convict defendants Magee and Co-

9  defendant Stewart on the public defender J. Stanley

10  Brill's guilty plea, which the jurors heard - after

11  the Jurors shown face expression disbelief of Brown's

12  constantly conflicting stories - which the prosecution

13  knew was unacceptable by the jurors.

14      The Superior Court know these facts in the

15  1963 trial Court records has been suppressed 47 years

16  by the prosecution - causing delay and denial of the

17  right to review of those records.

18      The Second trial in 1965, as shown by habeas

19  Corpus was DOUBLE JEOPARDY PROSECUTION with a KANGAROO-

20  COURT Attitude:

21      July 7, 1965, the Superior Court denied petitioner's

22  motion for Dismissal of Counsel (Clay H. Jacke), based

23  on the Court's belief that the lawyer was a good attorney

24  whom he known.    The Superior Court denying habeas Corpus

25  45 years later of after, made not efforts to review

26  the record for denial of the Marsden_- Hearing July 7, 1965,

27  which in itself, is reversalable ground.

28                          3/e

1    Had the Marsden Hearing been allowed, the Court would

2    have been compelled to withdraw Counsel's false guilty

3    plea styled not guilty by reason of insanity before

4    trial.    In so doing, the petitioner's Once Jeopardy

5    Plea would have become a legal defense on the question

6    of Once acquittal judgment. ( See Ashe vs- Swenson (1970)

7    397 U.S. 436, 25 L. Ed. 2d 469.)

8       The Superior Court in the present case, made no

9    review of records to determine the effect of the false

10   insanity plea resulting to chaining and muzzling of the

11   petitioner in presence of the jury, as showing by the

12   Habeas Corpus denied without review of the correct

13   trial court record's.

14      The Chaining and muzzling constituted Constitutional

15   right violations, and Reversalable ground:  See Duran,

16   16 Cal. 3d at pp. 290 -291 :

17          " [T]he imposition of physical restraints in the
            absence of a record showing violence or a threat
18          of violence or other noncon/orming conduct will
            be deemed to consititute an abuse of discretion."
19

20   (Id. at p. 291.)

21      The trial record will show the petitioner being

22   chained/muzzled for objecting to Counsel's false plea.

23      The Superior Court made no effort to show the

24   false insanity plea did not prejudice the petitioner.

25   Because the Superior Court reviewing judge knew  the

26   conduct of petitioner's counsel was ruled false

27   misrepresentation by the trial judge upon ordering said

28   plea withdrawn.

                            3/f

By avoiding the issue of trial court transcript's suppressed or destroyed in 1965, the Superior Court went on to fabricate upon denying petitioner's motion for reconsideration that " the petitioner contends that claims of actual innocence are not subject to the procedural bars which the court cited in denying his petition, but he offers no evidence that he is Innocent. Rather,

> the petitioner contends that he cannot produce any such evidence because of what amounts to a nearly half-century long conspiracy of defense attorneys, prosecutors, Court reporters, clerk, judges (state and federal, trial and appellate), and prison staff to frame him for kidnapping. Such wild and unsupported claims do not give rise to habeas corpus relief, and certainly do not overcome the procedural hurdles noted in the Court's December 23, 2010 order. See People v. Karis (1988) 46 Cal. 3d 612, 656.

> Accordingly, the motion to reconsider is denied."

( Exhibit-___ attached hereto.)

Here, the Superior Court again applied the wrong case law, to support its own misconstruing the habeas facts or claims.

The trial court records of the original trial of May 27, 1963, will prove petitioner's claim of ACTUAL INNOCENCE upon proving the public defender (J. Stanley

3/ 8

Brill) entered a guilty plea to the charge, in behalf
of the petitioner and Co-defendant Stewart, which plea
was entered in presence of the jurors.

Petitioner objected to the Public defender's tactic.
His court appointed lawyer Leon Mayer did not object to
the Public defender's false plea tactic - which was
clear jury tampering by false misrepresentation.

Petitioner had testified against the police frameup
and presented witnesses who supported his testimony
that he did not rob Mr. Brown and did not kidnap him.

Record will show during closing argument, the
District Attorney Marshall SChulman told the jury that
Mr. Brown's testimony could not be used - to convict the
defendants Stewart and Magee on the public defendants
guilty plea. ( The jury did as told.)

As shown by habeas corpus, the petitioner filed
timely Notice of Appeal July 1963.   However, the
records presented on appeal did not reflect the guilty
plea entered by the public defender.    Only the Clerk's
minutes reflect the false guilty plea entered May 27, 1963.
( Exhibit-5, attached hereto.)

Without the guilty plea record presented on
appeal. by court appointed lawyer (Mr. Frank P. Rosen),
the appeal Court reversed the 1963 sentence assuming
there was suffcient evidence to support the charge.
( Reversal December 18, 1964 .)

Had the appeals court reviewed the full

trial court transcript's showing the false guilty plea
convicting petitioner, any reasonable jurist would have
reversed on INSUFFICIENT EVIDENCE.

It is well established law that a reversal on
insufficient of evidence, bars second trial for the same
offense.

Federal CONSTITUTIONAL LAW

Fifth AMendment, U.S. Constitution, bar twice
Prosecution for the same offense, as guaranteed by the
Fourteenth Amendment, U.S. Constitution. ( See Green vs-
Massey ---U.S.---19, 24 - 26; Burk vs- United States,
437 U.S. 1, 15, 18 ( Standards of Prosecution on
Insufficient Evidence ).)

On the claim of actual innocent, the superior
Court and other courts who came in range of the petitioner's
habeas Petitions should not have passed on the issues of
denial of counsel and insufficient evidence until review
of the full tral court records.

The lawyer's false insanity plea denied the
petitioner his Constitutional Fifth Amendment Rights
against self-incrimination.

The July 1965 trial record will show the
petitioner refused to testify on the stand with exception
that the records was incompetent, incorrect.   The insanity
plea was equally degrading as the recent Superior Court's
arbitrary denials without review of the trial court
records.

3/

7. Ground 2 or Ground __TWO__ *(if applicable).*                    MC-275

SUPERIOR COURT BY FAILUAL TO DISCLOSE TRIAL

COURT RECORDS, HAVE NO JURISDICTION TO ASSUME

TIME LIMITATION BAR REVIEW OF THOSE TRIAL COURT

RECORDS

a. Supporting facts:

As showing by habeas corpus, the delay the Superior

Court mentioned in its Order denying habeas Corpus is clearly

chargable to the Prosecution suppressing the trial court

records for almost a half century.

Here, this court should note, the Superior Court in Marin

County did direct the Clerk and Court reporter of Los Angeles

County to produce all trial court records of the 1963 and 1965 trial

Court records for inspection and review.  ( Exhibits 7 & 7, Orders, attached

hereto.)

The Clerk and Official Reporter in contempt of court, failed to

produce the correct records.  Instead, produced Piece Meal documents, which

resulted into denial of habeas Corpus March 20, 1972, denial without

prejudice. (In re Ruchell Magee, NO.60557, Superior Court, Marin County).)

Each habeas Corpus filed by petitioner  with the Superior Court

of Los ANgeles County 1979 through 2009 was denied based on the claim that

the records was in Marin County. ( Exhibit(s) 9 & 10, attached hereto).)

Record show Petitioner's 1965 move for correct records. (Exhibit= 10,

attached hereto).)

b. Supporting cases, rules, or other authority:

Kyless vs- Whitley (1995) 115 S.Ct. 1555 - 1565, citing Brady Rule.

People vs- Hosner (1975) 15 C. 3d 60, 66, 123 Cal. Rptr. 381;

Schlup vs- Delo (1995) 513 U.S. 298.

( CONTINUE GROUND TWO ):

1   As pointed out by the petitioner in his Motion for

2   reconsideration page 2 lines 6 - 27, the Superior

3   Court limited its review to doctored transcripts that

4   no reasonable jurist would have did without making a

5   full review of the whole transcript's (record's) called

6   for disclosure.  In so doing, the Superior Court used

7   its own escapegoat language about "45 years after

8       sentence was imposed 1965, the petition is
        untimely . . .The Petitioner's claims are also
9       also barred as being presented in a[Pievemeal]
10      fashion and as successive claims which have
        been previously adjudicated in a prior habeas
11      proceeding. "  [ Exhibit-4, attached hereto.]

12  As shown by the Superior Court's boilerplate language,

13  it was completely unwilling to review the full records

14  called for. [ Exhibit-2, Supra.]

15   The Superior Court ignored both state and federal laws

16  governing right to a whole record's review.

17  See People vs- Hosner (1975) C. 3d 60, 66, 123 Cal. Rptr.

18  381 ( Complete documents.); also Britt, 92 S. Ct. 431

19  (1971).   Records should be by law, furnished to prisoner's

20  without cost  (See Griffin vs- Illinois, 351 U.S. 12-19).

21  Right to inspection of subpoena material (United States

22  vs- Tomison (E.D.Cal., 1997) 969 F. Supp. 587, 593 ).)
        ( Rule 17 (c) (1) (2002) Fed. Rules Crim. Proc..)

23   Disclosure of documents and evidence, as a matter

24  of Equal Protection, for review. See Brady vs- Maryland

25  (1973) 373 U.S. 83, also Kyless vs- Whitley (1995) 115 S.

26  Ct. 1555.

                        4/A

GROUND THREE :
-------------------------------------------------------------

SUPERIOR COURT ABUSED ITS DISCRETION BY FAILURE
TO ADDRESS THE ISSUE OF DENIED EFFECTIVE
ASSISTANCE OF COUNSEL

Fact:    Habeas Corpus show Court appointed Counsel

failed to:  1) investigate for evidence of
                INNOCENCE;

            2) call witnesses who had testified
               in the Original trial - impeaching
               the prosecution's witness Brown;

            3) assist petitioner with his Once
               Jeopardy PLea.

Had the Superior Court required a show cause on the

merits, it would have discovered that counsel's performance

reduced petitioner's defense to no defense.  Counsel's

insanity plea was not a defense, but rather a miscarriage

of justice tactic intended  to convict the petitioner.

Apparently as retaliation for the  petitioner's May 27,

1963 testimony against the police frameup and brutality.

In that prior to Clay H. Jacke becoming a lawyer, he was

a deputy sheriff for the same Firestone Sheriff Office

who arrested the petitioner (and carried out physical

beating upon the petitioner for his refusing to falsely

confess to the crime charged.  The Superior Court,

apparently taking attitude for the same purpose with

intents to further punish the petitioner. To be sure,

the Superior Court completely condoned counsel's

4/b

1   deficient performance which convicted the petitioner.   The
2   Superior Court's condoning counsel's false misrepresentation,
3   ignored the record showing the trial judge ruled counsel's
4   false plea of insanity false misrepresentation, upon
5   withdrawing said plea.
6   Here, counsel's ineffective assistance violated the rules
7   in the decisions:

8        People vs- Ledesma (1987) 43 Cal. 3d at 216 - 218;
9        People vs- Pope (1979) 23 Cal. 3d. 423 - 426;
10       also Strickland vs- Washington (1986) 466 U.S.
         at 687 - 694.
11
12       In the case at bar, no judicial inquiry as to the false plea
13   shifted jurors attention from Sixth
14   Amendment   Assumption of Innocence,   until proven guilty.
15   See People vs- Fosselman (1983) 33 Cal. 3d 572; also
16   People vs- Jones (2003) 29 Cal. 4th 1229, 1254.
17       Clearly, a Court abuses it discretion when it's
18   ruling falls outside the bonds of reason. (People vs-
19   Osband (1996) 13 Cal. 4th 622, 666 ).)
20
21                           DELAY
22       Delay is chargeable to the Prosecution.   The
23   Prosecution cannot suppress trial Court records 47 years
24   (denying review), and legally claim time limitation bar
25   petitioner's claim of Constitutional right violations.
26   See Carriger, 132 F. 3d at 478; also Schlup, 513 U.S. at
27   330, 114 S. Ct. 851   (Impeachment Evidence ).

                           4/c

1    September 1967, through December 1968, Petitioner's

2  writ of habeas Corpus was denied by the Superior Court

3  of Los Angeles County ( In re Ruchell Magee, No. 272227 )

4  claiming failure to appeal 1965.   (suppression of trial

5  Court records claim was ignored.

6  1971   November through 2010 July , petitioner's writ of

7  habeas Corpus was denied by the Superior Court of Los

8  Angeles County ( In re Ruchell Magee, NO. 272227 ) claiming

9  trial court records sent to Marin County  despite the

10  petitioner showing  the records sent to Marin County

11  was not accurate transcripts.   Petitioner contends that

12  he has repeatedly shown a colorable need for a complete

13  transcript, and that he is in fact indigent without money

14  to pay for said records need for review.

15    Of all the denials of habeas corpus by the

16  previous Courts for 47 years, no evidentiary hearing was

17  held in the state Court on the factual basis of any of

18  the Procedural defenses asserted by the Superior Court

19  in this matter.   Petitioner is therefore entitled to

20  an evidentiary hearing on the issues of Constitutional

21  violations in his state trial.

22    See People vs- Coleman (1992) 9 Cal. App. 4th

23  493, 11 Cal. Rptr.2d 800 ( Counsel's incompetency undermined

24  appellant's credibility and created a conflict of interest.)

25

26

27

28                    4/d

RELIEF

WHEREFORE, since habeas Corpus contain  factual issues not refutted, the relief sought should be granted:

    1. Order show cause on the merits;

    2. Order for disclosure of all records;

    3. Order directing the Superior Court to do full review of the whole records, and grant an order directing the warden of the California State Prison (Corcoran) TO RELEASE THE PRISONER FROM CUSTODY as to the Los Angeles County conviction.

4.    The Court of Appeals grant other relief deemed appropriate or just in this matter.



RUCHELL CINQUE MAGEE

MC–275

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes  [X] No    Ii yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
   2nd App. Calif.

b. Result: ___ Dismissed ___    c. Date of decision: Dec  1965

d. Case number or citation of opinion, if known:  People v. R.M AGEE

e. Issues raised:  (1)  None

                   (2) _____

                   (3) _____

f. Were you represented by counsel on appeal? [ ] Yes  [X] No    If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court? [ ] Yes  [X] No    If yes, give the following information:

a. Result: _____    b. Date of decision: _____

c. Case number or citation of opinion, if known:   n/a

d. Issues raised:  (1)  n/a

                   (2) _____

                   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   Habeas Corpus was the only remedy based on suppression of trial

   court records obstructing appeal adequate review

_____

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? [ ] Yes  [ ] No
   Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 2010]                PETITION FOR WRIT OF HABEAS CORPUS                Page 5 of 6

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes    If yes, continue with number 13.    [ ] No    If no, skip to number 15.

13. a.  (1) Name of court:    Superior Court of Los Angeles County

(2) Nature of proceeding (for example, "habeas corpus petition"):    Habeas Corpus

(3) Issues raised: (a) 1. Denial Of Counsel - 2. Illegal Restraints- 3. Double Jeopardy

(b)    Prosecution 4.Deprivation of right Testify. 5.Denial Records..
6. Insufficient Evidence to Convict.

(4) Result (attach order or explain why unavailable):    Denied

(5) Date of decision:    March 10, 2011, or about  and  April 5, 2011 (Reconsideration)

b.  (1) Name of court:

(2) Nature of proceeding:

(3) Issues raised: (a)

(b)

(4) Result (attach order or explain why unavailable):

(5) Date of decision:

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
Delay chargeable to Prosecution suppressing trial court records

16. Are you presently represented by counsel?    [ ] Yes    [X] No    If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?    [X] Yes    [ ] No    If yes, explain:
1983 ACtion for damages (case Number: GGG - 10-504768, pending Superior
Court - San Francisco County, California.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
This Court have jurisdiction over habeas corpus pursuant to Penal Code
1473

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: April 13, 2011

June 30, 2011

Clerk Of Court

U.S. District Court
 EASTERN DISTRICT
New Orleans, LA   70130

Re:   Habeas Corpus

This office will note, original Affidavit to Proceed in
Forma Pauperis under separate cover – because same must be
certified by Institution.

Thanks,

                              Sincerely, _____

                              Ruchell Cinque Magee

cc

enclosures

TENDERED FOR FILING

JUL 05 2011

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk