Ruchell Cinque Magee
A92051  8D3-124
CSP   (LAC)
P.O. Box 4570
Lancaster, CA  93539

TENDERED FOR FILING

MAY 19 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAY 19 2014
WILLIAM W. BLEVINS
CLERK

U.S. DISTRICT COURT, EASTERN DISTRICT LOUISIANA

Ruchell Cinque Magee, petitioner,           NO. 2:11-cv-1603 J(2)
vs- S. Smith, Warden, Respondent,           MOTION FOR RELIEF FROM JUDGMENT

Ruchell Cinque Magee,                       NO. _____
v-
J. Soto, Warden                             ON WRIT OF HABEAS CORPUS

Pursuant to rule 60(b), F.R.Cv. Proc., petitioner moves the Court for an Order VACATING its previous Order denying Habeas Corpus August 10, 2011, without ever addressing the merits, claiming state limitation.

1. Case consist of Evidence of Actual Innocence, which a reasonable jurist would find debatable;

2. Habeas Petition raises Constitutional Claims rely on a new rule of Constitutional law that was made retroactive which was previously unavaliable;

3. The Louisana and California State Authority(s) resentenced petitioner April 2, 2014, on the aggrevated attempted rape charge (increasing prison term based on racism on-going since August 1955.

4. State decision is an unreasonable application of Supreme Court jurisprudence, as required for habeas relief.(28 U.S.C.A.§ 2254(d) .)

I declare under penalty of perjury the foregoing is true and correct.

Dated: May 11, 2014

Fee_____
Process_____
X  Dkld_____
___ C:RmDep_____
___ Doc. No._____

*Ruchell Cinque Magee*
RUCHELL CINQUE MAGEE

AFFIDAVIT OF: RUCHELL CINQUE MAGEE

I, Ruchell Cinque Magee, hereby declares:

1. That I am the petitioner in the above-entitled cause of Action;

2. Petitioner was wrongfully convicted of aggrevated attempted rape in the 22nd District Court of Washington Parish, Louisiana February 8, 1956. No reasonable jurist would have found petitioner guilty, had he not been: a) Subjected to false arrest, b) Improperly one man lineup; c) tried a minor in adult court; d) Denied effective Assistance of Counsel; e) Deprived the Right to testify, and produce witnesses in his defense, because no Black people was allowed to testify against White People in Washington Parish Court at the time (1950's); f) Prosecution used false and conflicting testimony by Whites which Black's was not alowed to refute in Court; g) No Blacks allowed grand jury, and Petit jury in Washington Parish, and h) trial dominated by mob where petitioner was referred to as nigger by judge, jurors - District Attorney, and Court appointed klan acting petitioner's counsel, and i) insufficient evidence to support the conviction, and j) Prosecution conceal trial Court records to obstruct judicial review.

3. Petioner's claims rely on a new rule constitutional law.

4. facts show error of Constitutional magnitude led to a mob trial absent the error, no reasonable juror could have convicted petioner. I cettify under penalty of perjury the foregoing is true and correct.

Dated: May 8, 2014

*[signature]*
RUCHELL CINQUE MAGEE

MEMORANDUM POINTS OF LAW
----------------------------------

Rule 60 (b), authorize the Court to correct its judgment when it in error.

Recent U.S. Supreme Court decision excuse limitation in the case of ACtual Innocence claim's as showing :

McQuiggis, Warden vs- Perkins (2013) 133 S. Ct. 1924 [ 185 L. Ed. 2d 1019.]

In the case at bar, the Court should allow reopening of its decision denying habeas Corpus based on limitation in Ruchell Cinque Magee v- S. Smith, warden, Civ. 11-1603, Supra, because the petitioner's filing federal Habeas in this Court was 1975 ( In re Ruchell Magee, denied based on state One year limitation . )

The Antiterrorism and Effective Death Penalty Act was enacted 1996.

Petitioner's Constitutional Claims was never properly allowed addressed by the state and federal Courts upon the previous denials of habeas Corpus involving actual innocence.

Evidence reflect conviction for allegedly attempted rape was obtained in a trial dominated by mob activity - racism in 1950's allowed in Louisiana ruled not tolerated by federal laws in the 1970's regarding jury misconduct.(Alexander v- Louisiana(1972) 405 U.S. 625, 626, 31 L. Ed. 2d 536; also Pierre v- Louisiana, 306 U.S. 354, 59 S. Ct. 536, 83 L. Ed. 757).)

Petitioner submit habeas Corpus under seperate cover in this matter , showing: Washington Parish Acted without Jurisdiction 1956 to prosecute him, and the prosecution continues through April 2014 resentencing in the state of California on the same conviction, in

violation of the recent Supreme Court decision( Allegne v- United States 2013 DJDAR 76 78 (June 17, 2013) . The Allegne case concerned whether a defendant's Sixth AMendment Right to a trial by an impartial jury extends to facts relatinf to punishment. The issue was whether punishment is an element of a crime, and if so, to what extent ?

In the case at bar, on April 2, 2014, Louisiana 22nd JDC, Washington Parish; Supreme Court and California State agents referred as Parole Board reopen and resentenced petitioner without a jury on the conviction for attempted aggrovated rape in case number 10-755, 22nd JDC Number, based on racism on-going since 1955 in this matter.

At all times mentioned, during the resentencing, the Louisiana Pardon Board, the Louisiaana Supreme Court justices, and California agents was supressing evidence of the hate - crime frameup contested.

The federal Court has jurisdiction to independently review the record to determine whether state ruling of April 25, 2014, in case Number 2013-KH-2281, Supra.

The state ruling was contrary to, or an unreasonable application of clearly established federal law. (See 28 U.S. C.A. S 2254 (d).)

Habeas Petition shows the Louisiana Pardon Board and Supreme Court indicate admitting actual Innocence by not denying what they knows to be true supported by the records suppressed.

CONCLUSION: This Court should vacate its order in #2:11-cv-1603, Supra, and grant habeas relief in this matter.

I CERTIFY UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

Dated: May 11, 2014.

*Ruchell Cinque Magee*
RUCHELL CINQUE MAGEE

4

PROOF OF SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, __RUCHELL CINQUE MAGEE__ declare, depose and say, the following statement is true and correct under penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years, a resident and a state prisoner, of the State of California with a present mailing address of: CSP (LAC) # A92051,

P.O. Box 4670, Lancaster, CA  93539

2) On this __11__ day of __May__ 20 __14__, I caused a true and correct copy of the following specifically described, document(s);

Motion For Relief From Judgment

at the prison to be placed in a sealed envelope(s), with first postage, having been placed thereon, duly addressed to the interested person or persona described hereinafter, and then deposited such envelopes(s) in the regular United States mail, or mail service made availabe where I am detained, to the addressee(s):

State Attorney General
Dept. Of Justice
New Orleans, La 70130

State Attorney General
455 Golden Gate Avenue
San Francisco, California
94102

3) I declare that there has been regular U.S. mail pick-up by correctional officers at the prison, and/or delivery service, at the places(s) where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

/s/ Ruchell Cinque Magee

Executed this __11__ day of __May__, 2014, under penalty of perjury according to the laws of the State of California, at Los Angeles, County, City of Lancaster.