Ruchell Magee
A92051 # D3-124
CSP ( LAC )
P.O. Box 4670
Lancaster, Ca 93539



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JUN 2 - 2014

WILLIAM W. BLEVINS
CLERK

TENDERED FOR FILING

JUN 2 - 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT LOUISIANA

Ruchell Magee,           )  NO. 2: 11-cv-1603 J(2)
    Petitioner,          )
                         )
        vs-              )
                         )  EX PARTE:  AMENDED
J. Soto, Warden,         )  MOTION FOR RELIEF FROM
                         )  JUDGMENT
    Respondent           )
-------------------------

NOW INTO COURT, Ruchell Magee, petitioner, in pro se.,
and moves for an Order Vacating previous judgment denying
habeas petition August 10, 2011, based on the grounds of:

1. A New Retroactive Rule Of Law governing
   Actual Innocence claim;

2. State Agent Reopen The Void Judgment by
   restencing petitioner, increasing punishment;

3. A Factual Predicate that Could not have been
   Previously discovered through the Exercise of
   due diligence, and demonstrates that for the
   Claimed Error, no reasonable fact-finder would
   have found the petitioner guilty.

4. New evidence of ACtual Innocence, which could
   not have been produced at trial.

Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

FACTS AND LAW

Between the time of February 1956, and April 2014, the authority of Louisiana state, and California, has been successful in stagging frameups against petitioner, and keeping him basically isolated in prison, therefore forcing him to go it along teaching himself the law, as best he could. Over the decades, petitioner has filed thousands of legal documents (pages) claiming his innocence where there has beeb not one evidence hearing allowed.

1. Frameup of May 27, 1963, and July 28, 1965, occured in the Superior Court of Los Angeles County, California, showing by concrete evidence (wrongfully convicted) pending habeas proceedings (In re Ruchell Cinque Magee, No.14-3446 -ABC (FFM), Cen. Dist. Cal. (challenging hate-crime frameup).

2. Application for Pardon before California Governor, showing extention of frameup in the case of jury acquittal of 1973, Superior Court of San Francisco County, case # People vs- Magee, No.83668.

Each proceedings consist of related issues, crdible claims of actual innocence. Constantly filing of legal documents, left no state excuse to destroy trial court records which the state agents of court suppressed. All decisions denying habeas petitions, and 1983 actions was made without disclosure and without review of the trial court records, leaving unlawful and void judgments go uncorrected. Previous denials of petitioner's legal documents does not undermine the reliability of his evidence.

Delay is relevant if it is [] u []nexplained or 'unjustified, id., and if it 'bears on the probable reliability of the petitioner's evidence. Schlup, 513 U.S. at 332.

In the case at bar, the previous Court's ruling denying habeas based on late filing presented no plausible reason why petitioner's late filing detracts from the credibility of his witnesses who never deviated from their description of events on August 5, 1955, or about. Federal Habeas was filed by petitioner in this Court prior 1996, regarding the mob trial which occured in Washington Parish, showing the mob acted without jurisdiction to convict, and the judgment is void. A Court that issued a judgment that has no legal force or effect, can never come up with jurisdiction. Fay vs- Noia (1963) 372 U.S. 391 at 406-15. Collaterally, Due process establishes right to judicial review as an inherent part of civil rights. (See Marbury vs- Madison (1803) 5 U.S. 136, 166).)

The Washington Parish judgment conflict with the:

" ,,,nor shall any state deprive a person of life, liberty or property without Due Process of law, nor deny to any person within it jurisdiction the equal protection of the law. (14th Amendment, U.S. Constitution .)

In the present case, the petitioner claims his innocence since day one of the arrest in Franklinton, Louisiana, at the age 15. He is now 75 still claiming innocence...

Evidence not allowed presented at time of trial, proves prosecution suppression of evidence in violation of the Brady Rule, 373 U.S. 83; also Kyless v- Whitley (1995) 115 S. Ct. 1555.

Rule 60 (b), Fed. Rules Civ. Proc., authorize the Court to correct its judgment when it is error.

Recent U.S. Supreme Court decision excuse limitation in the case of actual Innocence claim's. (See McQuiggis, warden -v-Perkins (2013) 133 S. Ct. 1924 ( 185 L. Ed • 3d 1019 ).)

In the instant case, no state or federal law, authorized

3

the Washington Parish Officer's of Court to prosecute the petitioner at age 15 in adult Court. (Date of birth, March 16, 1939.)

Petitioner's untimeliness should not be a factor where facts shows that an error of Constitutional magnitude led to a mob trial, so unfair that absent the error, no reasonable juror could have convicted the petitioner. The void judgment was not counted as limitation April 2, 2014, and prior to, upon used for resentencing petitioner where the state of Louisiana and California agents combined the Louisiana 1956 conviction with a seperate case or judgment that has no legal force or effect where the petitioner was acquitted. (See 18 U.S.C., Sec. 3731).

Petitioner requested the Louisiana Pardon Board, and 22nd Judicial District Court, and the Supreme Court of Louisiana to order expungment of all documents relating to the mob trial of February 8, 1956 in case NO. 10, 755, Supra.

Expungment of the documents, or review of the trial Court records, will eliminate the California state agents use of said document's for resentencing petitioner as a sex - offender. Petitioner is innocent.

Resentencing on the 1956 conviction without a jury, violates the Rule in Allegne v-United States, 2013 DJDAR 76 78 (June 17, 2013).

Newly presented evidence ( Affidavit documented) clearly impeach the 1956 judgment, by demonstrating actual innocence. (See Carriger, 132 F. 3d at 478; also Schlup, 513 U.S. at 330, 115 S. Ct. 851 ).)

In light of the above mentioned, the previous federal Court

4

decision's denying habeas petitions should be Vacated, and habeas show cause on the merits issued. Failure to entertain his claim would constitute a fundamental miscarriage of justice.

CONCLUSION: Since petitioner's new evidence undermine the State's case, and new law allows gateway in the case of innocence claim, this Court should vacate its previous decision and order habeas corpus hearing. The State officials never denied the claim of innocence, nor mob trial conviction and sentence carried on without jurisdiction.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 25, 2014

RESPECTFULLY SUBMITTED

*Ruchell Magee*
RUCHELL MAGEE

5

PROOF OF SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, **Ruchell Magee** declare, depose and say, the following statement is true and correct under penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years, a resident and a state prisoner, of the State of California with a present mailing address of: **CSP / LAC # A92051, P.O. Box 4670, Lancaster, Ca 93539**

2) On this **27** day of **May** 20 **14**, I caused a true and correct copy of the following specifically described, document(s);

**Writ Of Habeas Corpus**

**and Ex Parte: AMended Motion for Relief from Judgment**

at the prison to be placed in a sealed envelope(s), with first postage, having been placed thereon, duly addressed to the interested person or persona described hereinafter, and then deposited such envelopes(s) in the regular United States mail, or mail service made availabe where I am detained, to the addressee(s):

Attorney General
Dept. Of Justice
New Orleans, La 70130

Attorney General
455 Golden Gate Ave.
San Francisco, Ca
94102

American Civil Liberty Union
New York, NY

3) I declare that there has been regular U.S. mail pick-up by correctional officers at the prison, and/or delivery service, at the places(s) where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this **27** day of **May**, 20 **14**, under penalty of perjury according to the laws of the State of California, at Los Angeles, County, City of Lancaster.

Declarant   Ruchell Magee



Ruchell Cinque Magee
A92051 #D3-12-14
CSP-1 LAC
P.O. Box 4670
Lancaster, CA 93539

Legal and Confidential Mail

D3 STATE PRISON GENERATED MAIL

U.S. District Court
Eastern District of La.
500 Poydras
New Orleans, La. 70130

$10.25 US POSTAGE